## Case No. 4,863a.
### FLETCHER v. ELLIS.
[Hempst. 300.] [1]

Superior Court, Territory of Arkansas. Feb. 1836.

Before CROSS and YELL, Judges.

CROSS, Judge. The record in this case shows that the plaintiff in error [Frederick Fletcher] brought an action of trespass on the case against the defendant [William Ellis], in the Conway circuit court, and in his declaration alleged "that the said plaintiff and one Alexander Rogers, were indebted to Daniel Gilmore in a large sum of money, namely, in the amount of fifty-five dollars, upon which said Gilmore had brought suit and obtained judgment, and sued out execution against the plaintiff and the said Rogers, and the plaintiff avers that he and Rogers had, in the county of Conway, sufficient goods and chattels to have satisfied the execution, and the plaintiff avers that the defendant being an evil disposed person, fond of encouraging litigation and fomenting strife, and wishing to harass, impoverish, and distress the plaintiff, did, on the first day of October, 1834, at the county of Conway, and within the jurisdiction of this court, maliciously persuade and procure the said Daniel Gilmore, by offering him to pay all costs and charges, and to see his debt made secure, to have the plaintiff's body taken in execution; and by reason of the defendant's procurements by his several offers and promises as aforesaid made, the plaintiff's body was taken in execution." It also appears that the defendant filed a demurrer to the declaration, which was sustained by the court. The writ of error is prosecuted to reverse the judgment sustaining the demurrer.

A mere glance at the declaration will show that it has been drawn by an extremely careless pleader. The object of the action doubtless was, to charge the defendant for a maintenance, which is defined to be an officious intermeddling in a suit depending in a court, with which the person so intermeddling has nothing to do, by assisting the plaintiff or defendant in the prosecution of such suit. Co. Litt. 358; 2 Inst. 213. The court is not designated in which the suit was pending, nor is the time or place alleged when and where the execution issued or into whose hands it came. The allegation is in relation to the maintenance, that the defendant offered Gilmore to pay costs and charges, and to see that his debt was secured. Between a mere *offer to assist and assistance*, there is certainly a material difference, for without the latter, the maintenance is not committed at all. So far as anything can be collected on the subject from the declaration, it seems that at the time the offer was made to pay costs and see the debt secured, an execution was rightfully in the hands of an officer of some kind, and the plaintiff and Rogers had a sufficiency of property in the county to satisfy it. If so, the defendant's offers were made in relation to a matter over which neither he nor Gilmore had any control, as the officer was legally bound in the first place, to levy on and dispose of the property in satisfaction of the writ, notwithstanding the plaintiff in execution might have instructed him to arrest the body of the defendant.

That an action lies in this country for maintenance, we entertain but little doubt. Yet it certainly would be necessary, in order to sustain such an action, to allege not only the pendency of a suit, but designate the particular court in which it was depending, together with time and circumstances, none of which requisites exist in the case before us. Indeed, there is scarcely a single requisite stated necessary to constitute a maintenance, and we have seldom had occasion to examine a declaration in which there was so frail a cause of action set forth. Judgment affirmed.